**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

CHRISTOPHER FERNANDES,
    Plaintiff,

    v.

DEPARTMENT OF CORRECTION, et
al.,
    Defendants.

No. 3:26-cv-00407 (SRU)

**<u>INITIAL REVIEW ORDER</u>**

Christopher Fernandes, a pretrial detainee housed in the Connecticut Department of

Correction ("DOC"), has filed a *pro se* Complaint under 42 U.S.C. § 1983 alleging that DOC and

four of its employees violated his constitutional rights.  Compl., Doc. No. 1.  The Prison

Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking

relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

1915A(a).  A federal court must dismiss the complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from that relief.  *Id.* §§ 1915(e)(2)(B), 1915A(b).

Fernandes alleges in his Complaint that he fell in the day room and sustained head and

back injuries for which he received treatment at an outside hospital.  Compl., Doc. No. 1, ¶¶ 1-3.

When Fernandes returned to the prison, he was given Tylenol and told by "[n]urses and COs" to

"suck it up" because "they had gone through worse."  *Id.* ¶¶ 4-5.  Medical staff have not seen

Fernandes for a follow-up appointment or provided him with any medical care, despite

Fernandes's requests.  *Id.* ¶¶ 6-7.  Fernandes seeks monetary damages.  *Id.* at 6.

Fernandes "may not sue DOC under Section 1983 because [DOC] is not a 'person'

subject to suit under section 1983, and, as an arm of the state, DOC enjoys Eleventh Amendment

immunity against suit in federal court." *Chimney v. Raines*, 2026 WL 893250, at *3 (D. Conn. Mar. 31, 2026) (cleaned up).

To seek damages from the individual defendants, Fernandes must allege facts establishing the personal involvement of each defendant in an alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). "The Second Circuit has defined 'personal involvement' to mean direct participation, such as 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation, such as 'ordering or helping others to do the unlawful acts.'" *Rivera v. Viger*, 2021 WL 3269095, at *3 (D. Conn. July 30, 2021) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)). When a defendant is a supervisory official, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). "As a corollary of the personal involvement requirement, complaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.'" *Gonzalez v. Yepes*, 2019 WL 2603533, at *7 (D. Conn. June 25, 2019) (internal citation omitted).

Fernandes fails to allege throughout his Complaint which individual defendants directly or indirectly participated in any alleged constitutional violation. *See Rivera*, 2021 WL 3269095, at *3. Consequently, Fernandes has not properly pleaded the personal involvement of any defendant in an alleged constitutional violation. *See Casino v. Rohl*, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (concluding that because the defendant was not mentioned or referenced in the body of the amended complaint, the plaintiff had not adequately pled the

defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

Accordingly, the Complaint must be **DISMISSED** without prejudice. *See Myers v. Quiros*, 2026 WL 145218, at *7 (D. Conn. Jan. 20, 2026) (dismissing complaint without prejudice because plaintiff "fail[ed] to allege the personal involvement of Defendants in the alleged constitutional violations," among other reasons).

Fernandes may file an Amended Complaint correcting the deficiencies identified above within **30 days** of this order. The Court will close this case if no Amended Complaint is filed by July 9, 2026.

**SO ORDERED** at Bridgeport, Connecticut this 9th day of June 2026.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

3