**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **CHRISTOPHER FERNANDES,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DEPARTMENT OF CORRECTION, et al.,**<br>**Defendants.** | No. 3:26-cv-00407 (SRU) |

**INITIAL REVIEW ORDER**

I previously dismissed Fernandes's Complaint without prejudice because Fernandes failed to properly plead the personal involvement of any defendant in an alleged constitutional violation. Initial Review Order ("IRO"), Doc. No. 14, at 2–3. After I permitted Fernandes to file an Amended Complaint to correct that deficiency, *id.* at 3, Fernandes filed an Amended Complaint. *See* Doc. No. 15. I have reviewed that Amended Complaint under 28 U.S.C. § 1915A(a).

Fernandes's Amended Complaint suffers from the same deficiencies as his initial Complaint. In his Amended Complaint, Fernandes names six Doe defendants. Am. Compl., Doc. No. 15, at 3–4. "Although it is proper for a section 1983 plaintiff to use a 'Doe' pleading until such time as her identity can be learned through discovery, a plaintiff still must establish each Doe defendant's personal involvement in the alleged constitutional deprivation." *Torres v. Connection, Inc.*, 2023 WL 2477502, at *3 (D. Conn. Mar. 13, 2023) (cleaned up). Fernandes alleges that prison officials failed to provide him with medical care after he fell from a chair and that they therefore were deliberately indifferent to his serious medical needs. *See* Am. Compl., Doc. No. 15, at ¶¶ 1–9. The problem is that Fernandes does not describe in his Amended Complaint how any of the named Doe defendants were personally involved in that alleged

constitutional deprivation. Consequently, any deliberate indifference claim against those defendants must be dismissed. *See*, *e.g.*, *Vanterpool v. Harris*, 2020 WL 13017257, at *3 (D. Conn. Sept. 4, 2020) (dismissing claims against defendants who were listed "in the caption and description of the named defendants" because plaintiff "d[id] not describe their conduct or assert allegations against them in the body of the complaint"); *Torres v. Office of Adult Probation*, 2023 WL 319233, at *5 (D. Conn. Jan. 19, 2023) (dismissing claims against defendants "John Does 1-25" because "[t]he allegations of the Second Amended Complaint largely refer to 'Defendants' and fail to specifically identify which defendant participated in the alleged constitutional violation").

Unlike his initial Complaint, Fernandes's Amended Complaint is accompanied by a supplemental narrative describing the actions of some Doe defendants. *See* Am. Compl., Doc. No. 15, at 8–9. That narrative alleges that some Doe defendants allegedly failed to protect Fernandes from other inmates. *See id.* Fernandes's claim in his supplemental narrative is distinct from his deliberate indifference claim in the present lawsuit, so I do not review it here. *See Jordan*, 2024 WL 3219130, at *4. If Fernandes believes that some Doe defendants violated his constitutional rights by failing to protect him from other inmates, he may file a separate lawsuit asserting that claim.

Because Fernandes's Amended Complaint fails to establish the personal involvement of any named defendant in the alleged constitutional wrong—*i.e.*, their deliberate indifference to his serious medical needs after he fell from a chair—I **DISMISS** Fernandes's Amended Complaint without prejudice.

I will permit Fernandes to file one more amended complaint to address the deficiency of his claims against the Doe defendants. The Second Amended Complaint must clearly describe,

in narrative form, how each Doe defendant was deliberately indifferent to Fernandes's serious medical needs after he fell from a chair. For example, if, as Fernandes claims, a defendant denied him an MRI, he must state which of the six Doe defendants denied him an MRI. Fernandes must file this Second Amended Complaint on or before **November 1, 2026**. Failure to do so will result in closure of the case.

**SO ORDERED** at Bridgeport, Connecticut this 1st day of October 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge